UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-10013-CIV-MOORE/SIMONTON

WALTER HARRIS,

 Plaintiff,

v.

NOVUS BUILDING & DESIGN, LLC.,

 Defendant.
_____/

**REPORT AND RECOMMENDATION RE:
DEFENDANT'S MOTION TO TAX COSTS AND
MOTION FOR BILL OF COSTS**

 Presently pending before the Court is Plaintiff Walter Harris' Motion for Award of Attorney's Fees and Costs [D.E. 28]. Defendant has filed a Response to the Motion [D.E. 29] and Plaintiff has filed a Reply [D.E. 30]. The Motion is referred to the undersigned Magistrate Judge [D.E. 33]. Following a careful review of the record as a whole, it is hereby recommended that Plaintiff's Motion for Award of Attorney's Fees and Costs [D.E. 28] be **GRANTED in part**.

I. **BACKGROUND**

 On January 24, 2008, Plaintiff Walter Harris filed a Complaint against Defendant Novus Building and Design, LLC. (Novus) seeking to recover overtime compensation, liquidated damages and reasonable attorney's fees for the Defendant's alleged failure to pay him overtime for hours that he worked in excess of forty (40) hours a week in violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") [D.E. 1].

 On March 10, 2008, Plaintiff filed a Motion for Entry of Default against the Defendant seeking an entry of default from the Clerk of Courts for the Defendant's failure

to file a response to Plaintiff's Complaint [D.E. 6].  On March 18, 2008, prior counsel for the Defendant filed a Notice of Appearance and requested an extension of time to file a response to Plaintiff's Complaint and cited excusable neglect as the reason for the Defendant's delay [D.E. 7].

On April 22, 2008, the Honorable K. Michael Moore, District Judge for the United States District Court for the Southern District of Florida, entered an Order dismissing the case for the Parties' failure to file a Joint Scheduling Report [D.E. 9].  On April 25, 2008, Plaintiff filed a Motion to Reopen the Case [D.E. 10], which was granted by Court Order on May 1, 2008 [D.E. 11].  In that Order, the Court also denied the Plaintiff's Motion for an entry of Default and granted the Defendant an extension of time until May 9, 2008 to file a response to the Complaint [D.E. 11].  On May 14, 2008, the Court entered a default against the Defendant for failing to file a response to the Complaint by the deadline set by the Court [D.E. 12].

On June 10, 2008, the Court entered an Order requiring the Plaintiff to file a motion for default judgment by June 20, 2008 [D.E. 13].  On June 19, 2008, Plaintiff filed a Motion of Extension of Time to file the Motion for Final Default Judgment until July 3, 2008 [D.E. 14].  That Motion was granted on June 20, 2008 [D.E. 15].

On June 20, 2008 current Counsel for the Defendant filed a Notice of Appearance as co-counsel for the Defendant; and, on June 25, 2008 filed a corrected Notice of Appearance [D.E. 16, 18].

On June 29, 2008, Defendant filed a Motion to Dismiss for Lack of Jurisdiction asserting that since the Defendant had submitted an Offer of Judgment on June 5, 2008 to the Plaintiff which offered to settle the matter for the full damage amount sought by the Plaintiff, that there was no longer a controversy before the court and thus the court

lacked jurisdiction over the matter [D.E. 19].

On July 3, 2008, in compliance with the Court's Order, Plaintiff filed a Motion for Default Judgment and Amended Motion for Default Judgment against the Defendant [D.E. 20, 21]. That Motion included a request for attorney's fees which provided that Plaintiff's counsel had spent a total of 12 hours on the matter.

On July 11, 2008, the Plaintiff filed an opposition to the Defendant's Motion to Dismiss countering that the Defendant's offer of judgment was untimely and ambiguous and thus should not be allowed to moot the Plaintiff's claim [D.E. 22]. On July 14, 2008 the Court entered an Order denying the Defendant's Motion to Dismiss finding, among other things, that the Offer of Judgment was ambiguous as to the resolution of attorney's fees [D.E. 23].

On July 18, 2008, the Defendant filed a Notice of Settlement indicating that the matter had been settled and that the Plaintiff had been offered the full amount of his damages [D.E. 24]. The Notice of Settlement also indicated that the Plaintiff had incorporated a motion for attorney's fees and costs in its Motion for Entry of Final Judgment; that the Defendant would file a response to that motion; and, requested the Court to determine the amount of attorney's fees and costs reasonably due and owing to the Plaintiff. On July 20, 2008, the Court entered an Order directing the Parties to file a joint stipulation of settlement as to the Plaintiff's claim for damages; and, directing the Plaintiff to file a separate motion for attorney's fees and costs [D.E. 26]. On July 25, 2008, the Parties filed a Joint Notice of Settlement indicating that pursuant to the settlement, the Plaintiff would receive all of the wages owed to him in the amount of $5,408.00, which included liquidated damages [D.E. 27]. The Joint Notice of Settlement also stated that the Plaintiff was the prevailing Party and was therefore entitled to

reasonable attorneys' fees and costs and that the Parties agreed that the Court would maintain jurisdiction to determine the amount of reasonable attorney's fees and costs owed to the Plaintiff.

On August 19, 2008, Plaintiff filed its Motion for Award of Attorney's Fees and Costs wherein Plaintiff requested $5,010.00 in attorney's fees and costs in the amount of $460.00 [D.E. 28]. On September 2, 2008, Defendant filed a Response to Plaintiff's Motion to Tax Attorney's Fees and Costs [D.E. 29]. Plaintiff then filed a Reply [D.E. 30].

On September 16, 2008, the Court entered an Order Approving Settlement and retaining jurisdiction of the Motion for Attorney's Fees, and referred the Plaintiff's Motion for Award of Attorney's Fees and Costs to the undersigned [D.E. 33].

II.     **MOTION FOR ATTORNEY'S FEES**

   A.     **Parties' Positions on Motion**

Plaintiff has filed its Motion for Award of Attorney's Fees and Costs seeking to recover attorney's fees as a prevailing party as authorized under §216(b) of the FLSA [D.E. 28]. In support of its request for Attorney's Fees, Plaintiff has submitted the Affidavit of Andrew R. Frisch which states, *inter alia*, that he is an associate at the firm that represents the Plaintiff and that he kept contemporaneous time records while working on the Plaintiff's case [D.E. 28-2]. The Affidavit states that Mr. Frisch's hourly billing rate is $300.00 an hour and that all of the time submitted for work on the case was reasonable and necessary. Plaintiff has also submitted a billing summary representing that Mr. Frisch spent a total of 16.7 hours on this case. Plaintiff therefore seeks a total of $5,010.00 in attorney's fees, which is calculated by multiplying 16.7 hours by Mr. Frisch's rate of $300.00 an hour [D.E. 28-2].

Defendant has filed a Response to Plaintiff's Motion for Attorney's Fees asserting

that the fee petition is defective and grossly inflated [D.E. 29]. Specifically, the Defendant contends that Plaintiff's counsel failed to submit an expert affidavit in support of its fee petition in violation of S.D. L.R. 7.3 (b); and, also contends that many of the hours billed by Plaintiff's counsel were unnecessary as Plaintiff was offered the full amount of damages in an offer of judgment prior to the date that much of the work by Plaintiff's counsel was undertaken.

  B. <u>Applicable Law and Analysis</u>

  This Court calculates a reasonable attorney's fee by using the lodestar method, which requires this Court to multiply the reasonable hours expended by Plaintiff's counsel by the reasonable hourly rate of Plaintiff's counsel. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Cuban Museum of Arts & Culture v. City of Miami*, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991). Plaintiff bears the burden of establishing entitlement and documenting reasonable hours expended and reasonable hourly rates. *ACLU v. Barnes*, 168 F. 3d 423, 427 (11th Cir. 1999). Plaintiff's counsel must also supply detailed evidence of the hourly rates and time he expended so that the Court may properly assess the time claimed for each activity. *Id*.

  This Court must first determine whether the hourly rate is reasonable. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar service by lawyers of reasonably comparable skills, experience and reputation. *Norman*, 836 F. 2d at 1299. With respect to the issue of hourly rates, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. at 1303. Citation to prior precedent showing reasonable rate adjudications may be used to demonstrate proof of prevailing

market rates, as can affidavits of other attorneys or experts. *Haugh v. Sec'y of the Dep't of Health & Human Services*, 1999 WL 525539 at *2 (Fed. Cl. 1999).

After determining the reasonableness of the hourly rate, this Court must next determine the reasonableness of the hours expended. *Norman*, 836 F. 2d at 1301. Plaintiff's counsel must use "billing judgment" and exclude unnecessary hours, "irrespective of the skill, reputation or experience of counsel." *ACLU v. Barnes*, 168 F. 3d at 427. The reasonable hourly rate should reflect the skill demonstrated by Plaintiff's counsel. *Norman*, 836 F. 2d at 1302.

1) <u>Number of Hours Reasonably Expended</u>

As stated above, the Plaintiff seeks to recover attorney's fees for 16.7 hours for work undertaken in this matter by Attorney Andrew R. Frisch, Esq. The undersigned finds that an expert affidavit is not necessary in this case as the court is able to rely upon its own knowledge and expertise in assessing the reasonableness of the hours billed by Plaintiff's counsel.

Accordingly, the undersigned has thoroughly reviewed the billing entries submitted by Plaintiff and finds that several of the entries must be reduced as they improperly seek recovery for clerical tasks, contain block billing entries, and include excessive time charges. Specifically, the undersigned has reduced the following entries as follows:

| Date | Billing Entry | Amount | Reduction |
|---|---|---|---|
| 12/26/07 | Prepare Complaint; Pacer research regarding prior claims against Defendant; draft correspondence to client enclosing retainer and Complaint; coordinate filing of Complaint | 2.2 | 1.0 Allowed; Excessive time reduced; Clerical task included in block billing |

| 3/10/08 | Prepared Motion for Clerk's Default, Affidavit, and accompanying filings; forwarded copy to Registered Agent for Defendant | 1.8 | .6 Allowed; Excessive time reduced; clerical task included in block billing |
|---|---|---|---|
| 3/18/08 | Receipt and review of Opposing Counsel's Notice of Appearance and Extension of Time to File Response to Plaintiff's Complaint | .2 | .1 Allowed; Excessive time reduced |
| 4/22/08 | Receipt and review of Court's Order Dismissing Case for Failure to File a Joint Scheduling Report | .3 | .1 Allowed; Excessive time reduced |
| 4/24/08 | E-mail correspondence with Opposing Counsel regarding filing of a Motion to Reopen case | .2 | .1 Allowed; Excessive time reduced |
| 4/25/08 | Prepared and e-filed Motion to Reopen Case | .3 | .1 Allowed; Excessive time reduced |
| 5/01/08 | Receipt and review of Court's Order granting Plaintiff's Motion to Reopen Case | .2 | .1 Allowed; Excessive time reduced |
| 5/14/09 | Receipt and review of Court's Order Finding Defendant in Default | .2 | .1 Allowed; Excessive time reduced |
| 6/10/08 | Receipt and review of Court's Order Requiring Plaintiff Response | .2 | .1 Allowed; Excessive time reduced |
| 6/20/08 | Prepared attorney's fees and costs ledger; Motion for Final Default Judgment; prepare Affidavit of Andrew Frisch; review and revise attorney's fee ledger; review file to determine costs incurred and finalized and filed Motion for Default Judgment | 3.3 | 1.0 Allowed; Excessive time reduced; clerical tasks included in block billing |
| 7/14/08 | Reviewed Court's Order Denying Defendant's Motion to Dismiss | .2 | .1 Allowed; Excessive time reduced |
| 7/25/08 | E-filed Joint Notice of Settlement | .1 | Disallowed as clerical task |

7

| 8/12/08 | Email to Defense Counsel Attaching Fee Ledger | .1 | Disallowed as clerical task |
|---------|-----------------------------------------------|-----|-----------------------------|

Thus, 5.9 hours have been disallowed; and, the total hours allowable hours are reduced from 16.7 to 10.8 hours due to block billing, excessive billing and clerical tasks being billed as indicated above.

In addition, the undersigned has considered the Defendant's argument that many of the hours expended by Plaintiff's counsel, including those related to the Motion for Default Judgment, were unnecessary as they were incurred after the Defendant had made an offer of judgment. Defendant's argument is without merit as it is clear from the record that prior to the Defendant's offer of judgment, (which Defendant asserts was made on June 25, 2008) the Plaintiff in addition to filing the case, had filed a Motion for Entry of Default, a Motion to Reopen the Case, and a Motion for Extension of Time to File a Motion for Final Default Judgment, which stated that the Plaintiff was in the process of "finalizing the Motion for Final Default Judgment." At that point, the Plaintiff's counsel indicated that twelve hours had been spent on the case, which is the bulk of the hours that Plaintiff seeks to recover for attorney's fees [D.E. 20, 21]. The undersigned also notes that the Motion for Default Judgment filed by the Plaintiff was pursuant to the Court's Order directing the Plaintiff to file the motion by July 3, 2008 and thus Plaintiff necessarily complied with that Order as the case had not been resolved by that point. Thus, Defendant's assertion that Plaintiff did not need to prepare a Motion for Default Judgment is belied by the record.

Also, four days after the Defendant made its offer of judgment, the Defendant filed a Motion to Dismiss based on that offer. Plaintiff timely responded to the Motion to

Dismiss and argued that the offer of judgment was ambiguous.  As determined by the Court, the Defendant's Offer of Judgment was, in fact, ambiguous and thus, Plaintiff's counsel's work on the opposition to that Motion was appropriate and necessary.  Plaintiff then billed for hours associated with that work, as well as other subsequent tasks related to the settlement of the matter, which brought the total number of hours billed by Plaintiff's counsel to 16.7.  Thus, Defendant's argument is meritless.

Accordingly, the undersigned now turns to determining whether the hourly rate charged by the Plaintiff's attorney was reasonable.

### 2) Reasonable Hourly Rate

Plaintiff has submitted attorney's fees billed at an hourly rater of $300.00 an hour.  In support of his Request, Plaintiff's counsel has appended an Order issued on June 17, 2008 by the Honorable Patricia A. Seitz, United States District Judge wherein Plaintiff's counsel hourly rate was reduced to $275.00 an hour and awarded at that rate [D.E. 28-2 at 9].  In response to Plaintiff counsel's submission, Defendant argues that $275.00 an hour as an attorney fee is at the high end of FLSA hourly fees awarded to competent and diligent practitioners [D.E. 29].  Based upon the record as a whole, the undersigned finds that an hourly rate for Plaintiff's counsel of $275.00 is reasonable in this FLSA litigation and thus allows that rate.

Therefore, Plaintiff is entitled to recover $2,970.00 in total attorney's fees which represents 10.8 hours at an hourly rate of $275.00.

### III. MOTION FOR COSTS

Plaintiff also seeks to recover costs in the amount of $460.00 for the Filing Fee and Service of Process in this matter [D.E. 28-2].  In support of its request, Plaintiff has submitted a copy of a check receipt from a check dated December 10, 2007 and made

payable to the Clerk for the United States Court for filing fees in the amount of $350.00 in the matter of "Walter Paris (sic) v. Novus Building & Design, LLC." [D.E. 28-2]. In addition, the Plaintiff has submitted a copy of an Invoice from a process server indicated that $110.00 was billed for service made on Novus Building Design [D.E. 28-2]. Defendant does not object to the amount of costs. The undersigned has reviewed the costs submitted by Plaintiff's counsel and finds the costs to be reasonable and appropriate. Thus, it is recommended that Plaintiff be awarded its costs as submitted.

IV.     **CONCLUSION**

Therefore, after a careful review of the record and for the aforesaid reasons, the undersigned Magistrate Judge does hereby

**RECOMMENDED** that Plaintiff's Motion for Award of Attorney's Fees and Costs [D.E. 28] be **GRANTED** in part, in the amount $2,970.00 for attorney's fees representing 10.8 hours at an hourly rate of $275.00, and $460.00 for litigation costs, for a total amount of $3,430.00 in fees and costs.

Pursuant to S. D. Fla. Magistrate Judge Rule 4(b), the parties shall have ten days from the service of this Report and Recommendation to file written objections to this Report and Recommendation. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988).

**DONE AND SUBMITTED** in chambers in Miami, Florida on March 1, 2009.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
**The Honorable K Michael Moore,**
   **United States District Judge**
**All counsel of record via CM/ECF**